UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

JS-6

**Case No.**  CV-17-6398-MWF (JCx)          **Date:**  November 2, 2017
**Title:**  Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE: PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION [17]; DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [40]; AND DEFENDANT'S MOTION TO TRANSFER [54]

The fallout of *TC Heartland* reaches Los Angeles, not just Marshall.

Before the Court are three motions. First, on September 6, 2017, Plaintiff Free-Flow Packaging International, Inc. ("FPI") filed a Motion for a Preliminary Injunction. (the "P.I. Motion") (Docket No. 17). On October 3, 2017, Defendant Automated Packaging Systems, Inc. ("Automated") filed an Opposition, under seal. (the "P.I. Opposition") (Docket No. 69). On October 11, 2017, FPI filed a Reply, under seal. (the "P.I. Reply"). On October 18, 2017, Automated, with leave from the Court, filed a Sur-Reply. (Docket No. 100).

Second, on September 20, 2017, Automated filed a Motion to Dismiss Plaintiff's Complaint. ("MTD") (Docket No. 40). On October 2, 2017, FPI filed an Opposition (the "MTD Opposition") (Docket No. 64), and on October 10, 2017, Automated filed a Reply. (the "MTD Reply) (Docket No. 82).

Third, on September 27, 2017, Automated filed a Motion to Transfer, under seal, through which Automated seeks the transfer of this action to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). ("Transfer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

**Case No.  CV-17-6398-MWF (JCx)**          **Date:  November 2, 2017**
Title:      Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

Motion") (Docket No. 54).  On October 3, 2017, FPI filed an Opposition, under seal. ("Transfer Opposition") (Docket Nos. 71-3, 87).  On October 11, 2017, Automated filed a Reply, under seal.  ("Transfer Reply") (Docket No. 91).

The Court has read and considered the papers filed on each of the three Motions, and held a hearing on **October 23, 2017.**

For the reasons set forth below, the Transfer Motion is **GRANTED**.  Automated has established that it is more appropriate to litigate this action in the United States District Court for the Northern District of Ohio than here.  This District is home to neither FPI nor Automated; the Northern District of Ohio is Automated's home and is the "center of gravity" of the alleged patent infringement.  The Northern District of Ohio is where Automated developed, manufactured, and marketed the allegedly infringing products, and it is either home to or much closer to the bulk of potential party and non-party witnesses who possess the most relevant information.  The Northern District of Ohio has a stronger interest in adjudicating this action than this District and is a more convenient venue.

In light of the Court's decision on the Transfer Motion, the PI Motion and the MTD are both **DENIED** *without prejudice*.

I.     **BACKGROUND**

FPI, a Delaware corporation with its principal place of business in Fremont, California, is a manufacturer of "protective packaging products and packaging systems," including "air cushion packaging systems" that allow FPI's clients to inflate plastic protective packaging material onsite and as needed.  (*See* Complaint ¶¶ 2, 9). Automated, an Ohio corporation with its principal place of business in Streetsboro, Ohio, also manufactures inflatable plastic packing material.  (*See id.* ¶¶ 3, 11).  FPI alleges that several inflatable plastic packaging products manufactured and marketed by Automated infringe upon two of FPI's patents, U.S. Patent Nos. 8,323,774 and 9,003,743 (the "Patents-in-Suit").  (*See id. passim*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV-17-6398-MWF (JCx)            **Date:** November 2, 2017
**Title:**     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

     FPI conducts its engineering and research activities in its Fremont headquarters and has manufacturing facilities in Thornton, Illinois and Hopkinsville, Kentucky. (Declaration of Jeffry Baird ("Baird Decl.") (Docket No. 102) ¶ 2). FPI employs four salespeople and two service technicians in the greater Los Angeles area. (*Id.* ¶ 8).

     Automated employs 939 people in the United States, most of whom work in Streetsboro. (Declaration of Daryl Manzetti ("Manzetti Decl.") (Docket No. 47-8) ¶ 4). Automated conducts its research, development and marketing activities in Streetsboro, and manufactures its products in Streetsboro and West Virginia. (*Id.* ¶¶ 10-12). Automated's "West Region" – one of six North American regions – sales office is located in Santa Fe Springs, California, a city in Los Angeles County. (*Id.* ¶¶ 5-6). The West Region covers 14 states and parts of Canada and Mexico. (*Id.* ¶ 6). Automated utilizes the Santa Fe Springs location as a warehouse for products distributed in the West Region and as a hub for servicing its products in the West Region. (*Id.* ¶ 7). Automated employs 15-20 people in the Santa Fe Springs facility, and six sales representatives and seven service technicians who work from home in Los Angeles, Orange, Riverside, and Ventura Counties. (*Id.* ¶ 9). Automated does not conduct research and development, manufacturing, or marketing activities in its Santa Fe Springs location. (*Id.* ¶¶ 10-12).

     In September 2014, Automated commenced a patent infringement action against FPI in the United States District Court for the Northern District of Ohio, the judicial district encompassing its Streetsboro headquarters. *See Automated Packaging Systems, Inc. v. Free-Flow Packaging International, Inc.*, Case No. 5:14-cv-02022-SL (N.D. Ohio Sept. 11, 2014) (the "N.D. Ohio 1 Action") (the Honorable Sara Lioi, United States District Judge). That action involves "technology related to" the Patents-in-Suit and the allegedly infringing Automated products in this action. (Declaration of Jonathan McNeal Smith ("Smith Decl.") (Docket No. 47), Ex. A-7). That action was stayed for some time pending the resolution of FPI's petitions for *inter partes* review by the Patent Trial and Appeal Board, and, following the PTAB's denial of those petitions, the parties are now due to file claim construction briefs in November and December 2017. (*See* N.D. Ohio 1 Action Docket No. 88).

---

                                        **CIVIL MINUTES—GENERAL**                          3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

**Case No.**  CV-17-6398-MWF (JCx)            **Date:**  November 2, 2017
**Title:**     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

     In March 2017, FPI commenced a patent infringement action against Automated in the United States District Court for the Northern District of California, the judicial district encompassing FPI's Fremont headquarters. *See Free-Flow Packaging International, Inc. v. Automated Packaging Systems, Inc.*, Case No. 3:17-cv-01803-SK (N.D. Cal. Mar. 31, 2017) (the "N.D. Cal. Action"). In that action, FPI alleged that Automated infringed the Patents-in-Suit (the ones at issue in this action) through the manufacture and sale of the same allegedly infringing products at issue in this action. (*See* N.D. Cal. Action Docket No. 1 *passim*).

     In May 2017, the Supreme Court held that, with respect to corporate defendants, the phrase "the judicial district where the defendant *resides*" in the patent venue statute, 28 U.S.C. § 1400(b), means only the state of incorporation and not (as lower courts had presumed for many years) anywhere that the corporate defendant is subject to personal jurisdiction. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017). On August 29, 2017, the court in the N.D. Cal. Action granted Automated's motion to dismiss for improper venue, as Automated does not "reside" in the Northern District of California and (although it employs salespeople who live there) does not have "a regular and established place of business" there so as to satisfy the alternative prong of section 1400(b). (*See* N.D. Cal. Action Docket No. 88 *passim*).

     On the same day that the court dismissed the N.D. Cal. Action on venue grounds, FPI commenced the present action in this Court, its "second choice of district" (Transfer Opp. at 6), and Automated commenced a declaratory judgment action against FPI (seeking a declaration that its products do not infringe upon the Patents-in-Suit) in the Northern District of Ohio. *See Automated Packaging Systems, Inc. v. Free-Flow Packaging International, Inc.*, Case No. 5:17-cv-01810-SL (N.D. Ohio Aug. 29, 2017) (the "N.D. Ohio 2 Action"). The N.D. Ohio 2 Action is also assigned to Judge Lioi.

     The PI Motion, the MTD, and the Transfer Motion followed. Through the Transfer Motion, Automated moves to transfer this action to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

---

**CIVIL MINUTES—GENERAL**            4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

**Case No.  CV-17-6398-MWF (JCx)**                                   **Date:  November 2, 2017**
Title:      Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

## II.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted).

The preliminary requirement for transfer under section 1404(a) is that the plaintiff could have sued the defendant in the district to which transfer is sought.  *See Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010) ("The threshold question under Section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought.") (citing 28 U.S.C. 1404(a) and *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)).

"If venue would be appropriate in the would-be transferee court, then the court must make an individualized, case-by-case consideration of convenience and fairness." *Roling*, 756 F. Supp. 2d at 1184.  As part of this analysis, the Court may consider a number of factors, including but not limited to: (1) the location where the relevant agreements were negotiated and took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (affirming denial of motion to transfer after the district court weighed each of the factors).

The defendant bears the burden of demonstrating that transfer is appropriate in light of the relevant convenience and fairness factors.  *See HTC Corp. v. Acacia Research Corp.*, No. SACV 15-00378-CJC (DFMx), 2015 WL 9915938, at *3 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV-17-6398-MWF (JCx) | **Date:**  November 2, 2017 |
| **Title:**    Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc. | |

Cal. 2015) ("The defendants bear the burden of demonstrating that transfer is warranted"); *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) ("The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice."). However, "[b]ecause § 1404 application results in transfer, not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required to upset plaintiff's choice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) (citing *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005); *see also HTC*, 2015 WL 9915938, at *3 ("By passing § 1404(a), Congress intended to permit courts to grant transfers upon a lesser showing of inconvenience than was needed for dismissal under the *forum non conveniens* doctrine.") (internal quotation marks and citations omitted).

### III. DISCUSSION

The patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular place of business." 28 U.S.C. § 1400(b). The parties do not dispute that FPI could have sued Automated for patent infringement in the Northern District of Ohio, where it is incorporated and where it developed and manufactured the products that allegedly infringe the Patents-in-Suit. The Court thus analyzes the relevant convenience and fairness factors and concludes that the Transfer Motion should be granted.

*Plaintiff's choice of forum.* The parties both recognize that courts typically accord some level of deference to a plaintiff's forum choice though disagree about the precise level; Automated frames it as "a presumption favoring the plaintiff's forum," while FPI contends that a plaintiff's preference must be accorded "substantial weight." (Transfer Mot. at 6; Transfer Opp. at 3). In a sense, they are both correct, as "[t]he courts have developed a bewildering variety of formulations on how much weight is to be given to plaintiff's choice of forum." *Saleh*, 361 F. Supp. At 1156 (quoting 15 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3848 at 375). Semantic formulations aside, it is clear that courts should not cavalierly discount a plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-17-6398-MWF (JCx)**                       **Date:  November 2, 2017**
Title:      Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

forum selection.  But the weight accorded to a plaintiff's forum choice may be discounted in "a variety of circumstances, including: when the party who has selected the challenged forum does not reside there … and when the chosen forum lacks a significant connection to the activities alleged in the complaint."  *Signal IP, Inc. v. Ford Motor Co.*, No. LA CV14-03106 JAK (JEMx), 2014 WL 4783537, at *3 (C.D. Cal. Sept. 25, 2014).

Diminishing the Court's deference to its forum choice is the fact that FPI does not "reside" in this District, in either the technical patent-venue sense or any other sense; it is incorporated in Delaware, headquartered in Fremont (in the Northern District of California), and has manufacturing facilities in Illinois and Kentucky.  *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (N.D. Cal. 2009) (diminished deference where "Plaintiff is a resident of Santa Rosa, California, which is not part of the Central District of California").  And, as discussed further below, this District does not have any obvious or unique connection to the parties or the alleged patent infringement.

Moreover, this District is FPI's "second choice of district" (Transfer Opp. at 6), as FPI first sued Automated close to its headquarters in the Northern District of California and, but for *TC Heartland*, would still be there.  This fact decreases the weight to be accorded to FPI's (most recent) choice.  *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1215 (D. Haw. 2002) ("It is true that a plaintiff's initial choice of forum (in this case, Hawaii) usually receives some weight when courts decide whether to transfer venue. The plaintiff's "second choice" of forum is not automatically entitled to the same amount of deference."); *Tiffany v. Hometown Buffet, Inc.*, No. CV-06-2524-SBA, 2006 WL 2792868, at *2 (N.D. Cal. Sept. 28, 2006) (according plaintiffs' second choice of venue little weight); *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. CV-06-260-TJW, 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007 ("The plaintiff's second or third choices of forum receives no deference, especially when the events giving rise to this infringement action do not dominate in either the plaintiff's or the defendant's choices of forum.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

**Case No.** CV-17-6398-MWF (JCx)             **Date:** November 2, 2017
**Title:**     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

     The Court does not deem FPI's decision to file suit in this District following the post-*TC Heartland* dismissal of the N.D. Cal. Action to be totally illogical or random, and recognizes that FPI's "second choice" arose out of a change in the law that uniquely impacts patent litigants. But the fact that this District is FPI's "second choice" is a reflection of the fact that FPI is based more than 350 miles away in Fremont, in the Northern District of California, an objective fact that diminishes the level of deference to be accorded to FPI's choice.

     In these circumstances, FPI's decision to sue Automated in this District following dismissal of the N.D. Cal. Action is accorded no special significance one way or the other in the overall analysis. Instead, the Court focuses the relevant facts that the parties have presented.

     ***Relevant contacts with this District vs. the Northern District of Ohio.*** The most preferable forum in which to adjudicate a patent infringement action is "that which is the center of gravity of the accused activity," as the "district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Signal IP*, 2014 WL 4783537, at *3 (quoting *Amazon.com*, 404 F. Supp.2d at 1260). "[T]hat location generally is where the allegedly infringing product was designed, developed and produced." *Arete Power, Inc. v. Beacon Power Corp.*, 2008 WL 508477, at *5 (N.D. Cal. Feb. 22, 2008) (citing *Neil Bros. Limited v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327-28 (E.D.N.Y. 2006)). "This makes sense because in determining whether infringement has been established, the principal target of the inquiry is the design and construction of the accused product." *Id.*

     Automated developed each of the allegedly infringing products in Streetsboro, Ohio and manufactured them in Streetsboro and West Virginia (which borders Ohio). (Manzetti Decl. ¶¶ 11, 18). Automated does not conduct any research, development, or manufacturing activities in this District. (*Id.* ¶¶ 10, 11). The "center of gravity" of the alleged patent infringement – where Automated developed and manufactured the accused products – is thus more than 2,000 miles away in Ohio and West Virginia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No. CV-17-6398-MWF (JCx)**            **Date: November 2, 2017**
Title:     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

FPI argues that Automated employs six salespeople Southern California and that it "stores and distributes the accused products at its West Region Sales office in Santa Fe Springs." (Opp. at 5). Therefore, it argues that "the operative facts relevant to this patent litigation occurred in this District, *as well as other districts across the country*." (*Id.*) (emphasis added). Only 7% of Automated's total sales of the accused product have occurred in California, which is lower than the percentage in Ohio, and Automated's Southern California sales personnel were responsible for only 6% of its total 2016 sales revenue. (Manzetti Decl. ¶¶ 29-31). From a sales perspective, this District is not particularly unique. In any event, in a patent infringement suit, sales and warehousing activities are far less important than research, development, and manufacturing activities. *See Signal IP*, 2014 WL 4783537, at *4 ("Although many Ford vehicles are sold in this District – and in other ones throughout the United States – the contacts relevant to this case, *i.e.*, those with the greatest significance as to the research, design and marketing of the accused products, are centered in the Eastern District of Michigan.").

During the hearing, counsel for FPI argued that the West Region sales office in Santa Fe Springs is one of only three such sales offices in the United States. This is, from a quantitative perspective, more helpful to FPI's argument than if the Santa Fe Springs location were one of 50 or 100 such locations scattered across the country. But it does not change the fact that the things Automated does at its Santa Fe Springs location – *i.e.*, sales and storage – are, in the context of this patent infringement litigation, much less important than the things it does in Statesboro and West Virginia – *i.e.*, research, development and manufacturing of the allegedly infringing products.

The "center of gravity" of the alleged patent infringement in this action is decidedly the Northern District of Ohio and decidedly *not* this District. Accordingly, the relevant contacts of the parties and the location of the alleged infringement activities weigh in favor of transfer.

*Convenience for party witnesses.* FPI anticipates that four of its senior management employees who have knowledge of the technical and/or business aspects of the Patents-in-Suit and the alleged infringement will testify at trial: Jeffrey Baird

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | **9** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-17-6398-MWF (JCx)**　　　　　　　**Date:  November 2, 2017**
**Title:**　　Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

(chief technology officer); Charles Daigle (director of engineering); Joe Nezwek (president); and Jaswant Bhagat (vice president of finance, information technology, and logistics).  (*See* Transfer Opp. at 13-14; Baird Decl. ¶¶ 4-7).  According to FPI, each of these executives live and work in Northern California, and it would be convenient for these senior employees to travel to this Court to testify because "FPI's offices are located a half day's drive from this District."  (Transfer Opp. at 8).

　　　　For its part, Automated also anticipates that "at least four" of its senior management employees "with relevant knowledge as to FPI's allegations" will testify at trial: Rick Wehrmann (advanced concepts engineer who developed each of the accused products); Chris Rempe (director of product management); Ryan Cantwell (former product manager for the accused products, and current senior product manager); and Matt Lerner (executive vice president "involved in the early development phase for the accused AirPouch machines").  (*See* Transfer Mot. at 9-10; Manzetti Decl. ¶¶ 21-27).  Each of these employees work in Statesboro and live there or the surrounding area.  (Manzetti Decl. ¶¶ 20, 24, 26).

　　　　FPI also argues that it "has four salespeople and two service technicians who reside and work in this District" and that it "intends to call such salespeople as witnesses to provide evidence of Automated's directly competitive infringing sales in District."  (Transfer Opp. at 14).  Where FPI contends the infringement also occurred in "other districts across the country" (Transfer Opp. at 5), and California accounts for only 7% of the allegedly-infringing products' sales (Manzetti Decl. ¶ 29), it is difficult to see how sales or service people located in this District are uniquely positioned to offer insights into the alleged infringement vis-à-vis sales or service people anywhere else in the country (including Ohio).

　　　　The Court thus accepts the parties' respective representations that four of FPI's senior employees will testify and four of Automated's senior employees will testify.  Given that Automated is the defendant, and "[t]he factual inquiries in the case are focused on Defendant's activities" *Signal IP*, 2014 WL 4783537, at *4, it is reasonable to assume that Automated's employees' testimony will be more important and time-consuming than FPI's employees' testimony.  Whether this action proceeds here or in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No. CV-17-6398-MWF (JCx)**           **Date: November 2, 2017**
**Title:**     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

the Northern District of Ohio, FPI's senior employees will be inconvenienced to some degree getting to the courthouse. The same cannot be said of Automated's senior employees, who will face little inconvenience traveling to the federal courthouse in Cleveland, and significant inconvenience traveling to this courthouse.

     As Automated's employees with the most pertinent knowledge will presumably be needed in court for longer than FPI's employees, the collective burden on the party witnesses is lessened if this action proceeds in the Northern District of Ohio. *See Monolithic Power Sys., Inc. v. Silergy Corp.*, No. CV-13-8122-MWF (VBKx), 2014 U.S. Dist. LEXIS 195111, at *2 (C.D. Cal. Apr. 14, 2014) ("The number of witnesses who may be inconvenienced is less relevant to the analysis than the materiality and importance of the anticipated witnesses."). Accordingly, the convenience for party witnesses weighs in favor of transfer.

     *Convenience for non-party witnesses*. In its PI Motion, FPI argues, as it must, that Automated's alleged infringement will cause it irreparable harm. (PI Mot. at 15-24). In support of this argument, FPI provides an example of another competitor in the inflatable-packing-products industry, ███████████████████ stealing one of FPI's long-term customers with a "knock-off product" offered at a lower price. (*Id.* at 16-17). FPI and ████████ are currently engaged in licensing discussions. (*Id.* at 17 n. 5). Automated contends that ████████ employees "are likely to be witnesses with knowledge that is highly relevant to at least FPI's claim for an injunction and damages." (Transfer Mot. at 12). The Court agrees with Automated that it is reasonable to presume that representatives from ████████ would be in a position to provide pertinent testimony with respect to the remedies that FPI is seeking in this action (*e.g.,* the licensing fee ████████ ultimately pays may be a useful barometer of FPI's damages). Automated also points out that ████████ is headquartered in Cincinnati, Ohio, a fact that FPI does not contest and of which this Court takes judicial notice. ████████████████████████████████████ Certainly, travelling to Cleveland would be more convenient for ████████ Cincinnati-based witness(es) than traveling to this District.

---

**CIVIL MINUTES—GENERAL**                  11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-17-6398-MWF (JCx)**                          **Date:  November 2, 2017**
**Title:**     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

    Automated also argues that it might call the Washington, D.C.-based attorneys who prosecuted one of the Patents-in-Suit to testify in connection with a potential defense that the "patent is unenforceable due to inequitable conduct before the Patent Office." (Transfer Mot. at 11-12). In its MTD, Automated argues that FPI is collaterally estopped from asserting this patent because a similar FPI patent was held to be invalid in a separate lawsuit, but makes no explicit argument that the prosecuting attorneys engaged in inequitable conduct by not informing the Patent Office of this separate judgment. (*See* MTD at 6-19). FPI argues that Automated's suggestion of an "inequitable conduct" defense is "convoluted" and that the notion of the prosecuting attorneys providing testimony relevant to that defense is "speculative at best." (Transfer Opp. at 12). Based upon the present record, the Court tends to agree with FPI on this point, as Automated's "inequitable conduct" defense is not presently apparent and the prospect of calling the D.C.-based prosecuting attorneys as witnesses is conjectural.

    FPI argues that it intends to present the testimony of three "inventors of the [Patents-in-Suit who] are non-party witnesses because they are no longer FPI employees." (Transfer Opp. at 12). These three inventors are Andrew Perkins, Oliver Reyes, and Philipp Borchard, each of whose "last known address[es]" are in Berkeley or San Francisco, California. (*Id.*; Declaration of Deborah O'Toole ("O'Toole Decl.") (Docket No. 72-3) ¶¶ 6-8). In its Transfer Opposition, FPI did not explain the nature of the testimony Messrs. Perkins, Reyes, or Borchard might provide, why it would be relevant to this lawsuit, or how current its information on these individuals' last known addresses is.

    During the hearing, counsel for FPI explained that these inventors may have information relevant to Automated's defenses. Counsel for FPI also indicated that there is a fourth inventor, Nicholas De Luca, who resides in Washington, D.C. It is difficult to square FPI's treatment of Automated's potential defenses as a peripheral issue as they relate to the D.C.-based prosecuting attorneys but as something more central to the case as they relate to the three Bay Area inventors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**<u>REDACTED</u>**
<u>CIVIL MINUTES—GENERAL</u>

**Case No. CV-17-6398-MWF (JCx)**            **Date: November 2, 2017**
**Title:**     Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

    While neither party has presented firm evidence that some non-party or another will definitely be required to testify, at this early stage, it seems that, of the suggested non-parties, the ▮▮▮▮▮▮ witnesses would possess the information that is most pertinent to this lawsuit and would be most likely to testify. Since those witnesses are likely located in Cincinnati, the Court finds that the Northern District of Ohio is a more convenient venue for non-party witnesses. Accordingly, the convenience for non-party witnesses weighs in favor of transfer, albeit slightly.

    ***Judicial economy and the interests of justice.*** "Analyzing the interests of justice entails an inquiry into 'whether efficient and expeditious administration of justice would be furthered' by transfer." *HTC Corp.*, 2015 WL 9915938, at *3 (quoting *Shear v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977)). "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative] litigation and inconsistent results." *Amazon.com*, 404 F. Supp. 2d at 1261 (quoting *Durham Prod., Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982)) (alteration in original).

    The N.D. Ohio 1 action, which has been pending before Judge Lioi for more than three years, involves (as described by both parties) "technology related to" the Patents-in-Suit and the allegedly infringing products in this action. (Smith Decl. Ex. A-7). Because that action was stayed for some time pending the PTAB's resolution of FPI's *inter partes* review petitions, the parties have just recently completed discovery and are on the verge of submitting claim construction briefs. (*See* N.D. Ohio 1 Action Docket No. 88). While the patents at issue in that action are not precisely the same as the Patents-in-Suit here, as FPI points out, they are similar and the underlying products are similar. This is not a situation where Tesla is being sued for patents involving battery-cell technology in one court and self-driving technology in another; these actions both relate to what is, at base, inflatable plastic in differing configurations. They are unquestionably similar, and the judicial system and (in this Court's opinion) the parties would benefit if they both proceeded in the same court. Obviously, it will be up to the Northern District of Ohio whether this action is assigned to Judge Lioi.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
CIVIL MINUTES—GENERAL

Case No.  CV-17-6398-MWF (JCx)                    Date:  November 2, 2017
Title:    Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.

    FPI argues that such judicial economy may not be realized because it has moved to dismiss the N.D. Ohio 1 Action on improper venue grounds in the wake of *TC Heartland*. (*See* Transfer Opp. at 3, 19). Because venue is not jurisdictional and objections thereto are thus waivable, *see, e.g., Wordtech Sys. Inc. v. Integrated Network Solutions, Corp.*, No. 2:04-cv-01971-TLN-EFB, 2014 WL 2987662, at *3 n. 5 (E.D. Cal. Jul. 1, 2014) (venue waivable in patent infringement suits; collecting cases), that would be an unfortunate consequence of FPI's own making. In the event that the N.D. Ohio 1 Action is dismissed on venue grounds and Automated is forced to re-file that action in the Northern District of California, both parties will be defending themselves on their home turf – a more just result than FPI playing defense at home in the Northern District of California and playing offense in this District, which has no strong connection to either party. Even if Automated re-files in Illinois or Kentucky (where FPI has manufacturing facilities), as FPI's counsel suggested it might during the hearing, at least both actions would proceed in places where the parties are engaged in the production (and not just the sale or storage) of the allegedly infringing products.

    Accordingly, judicial economy and the interests of justice favor transfer.

    As set forth above, all relevant factors favor transfer. *Jones* factors not explicitly mentioned are either neutral, non-applicable, or subsumed in the above discussion.

## IV.  CONCLUSION

    For the reasons discussed above, the Motion to Transfer is **GRANTED**. The PI Motion and MTD are both **DENIED** *without prejudice.*

    The Clerk of the Court is **ORDERED** to transfer this action to the United States District Court for the Northern District of Ohio.

    IT IS SO ORDERED.